[Not for Publication-Not to be Cited as Precedent]
United States Court of Appeals
For the First Circuit

No. 98-1046

WALTER K. GRANT,

Plaintiff, Appellant,

v.

JAMES RIVER CORPORATION OF VIRGINIA, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Chief Judge,
Rosenn,* Senior Circuit Judge,
and Stahl, Circuit Judge.

Edwin J. Carr, with whom Carr & Liston was on brief for
appellant.
David F. Dabbs, with whom McGuire, Woods, Battle & Boothe LLP,
Francis C. Lynch, Dawn Reddy Solowey, and Palmer & Dodge LLP were
on brief, for appellees.

June 22, 1998

*Of the Third Circuit, sitting by designation. Per curiam. Upon review of all documents in the record
(not just those before the administrative tribunal), assuming
arguendo that our review of this matter is de novo, and assuming
arguendo that plaintiff-appellant Walter K. Grant's construction of
the phrase "other regular gainful occupation" (as used in the
benefits plan at issue) is the correct one, we affirm the judgment
of the district court on the ground that there is insufficient
evidence, indeed no evidence, upon which a rational factfinder
could conclude by a preponderance of the evidence that Grant was
"totally disabled . . . from engaging in . . . any . . . regular
gainful occupation" as of the date of his termination. The July
24, 1991 letter from Dr. Oliver upon which Grant so heavily relies
tends to establish only that Grant could not, as of that point in
time, return to his then "current work environment." 
In affirming the lower court's judgment, we regard as
waived Grant's breach of fiduciary duty claim. But even if Grant
had not waived this claim, the relief sought thereunder is
precluded by Massachusetts Mut. Life Ins. v. Russell, 473 U.S. 134
(1985).
Affirmed. Costs to appellees.